UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LAMBETH HOUSE, INC. | CIVIL ACTION |
| VERSUS | NO. 07-608 |
| LIBERTY RESTORATION GROUP, LLC, ET AL. | SECTION "N" (4) |

## O R D E R

Presently before the Court are: (1) Defendant Liberty Restoration Group, L.L.C.'s "Motion for Leave to Late-File an Opposition and for Continuance of Consideration Date for Motion for Summary Judgment" (Rec. Doc. No. 51) and (2) Plaintiff Lambeth House, Inc.'s Motion for Summary Judgment on Counterclaim (Rec. Doc. No. 40). The Court has reviewed both motions and Plaintiff's opposition to Defendant Liberty Restoration Group, L.L.C.'s ("Liberty Restoration") motion.

On the showing made, **IT IS ORDERED** that Liberty Restoration's "Motion for Leave to Late-File an Opposition and for Continuance of Consideration Date for Motion for Summary Judgment" is **DENIED**. Local Rule 7.5E of the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed and that a copy be delivered to chambers eight days prior to the date set for hearing of the motion. Given the Wednesday, October 10, 2007 hearing date set for Plaintiff's motion for summary judgment, Liberty Restoration's opposition was due on Tuesday, October 2, 2007. While this Court frequently grants requests for brief continuances of

motion hearing dates so as to allow additional time for preparation of an opposition, no such request was submitted in this instance prior to the opposition deadline or even the hearing date. Further, when the instant motion finally was filed on October 16, 2007, it was not accompanied by an opposition memorandum or a statement that, despite due diligence, Liberty Restoration still awaited information necessary to the preparation of its response to Plaintiff's motion for summary judgment. Rather, the motion reveals that prior to October 10th, counsel for Liberty Restoration simply had not received information from Liberty Restoration responsive to the motion for summary judgment, had not been able to contact a client representative, and had not been paid for pending fee bills. Moreover, as of October 16th, when Liberty Restoration's motion was filed, it still had not provided information needed by its counsel to formulate a response to the motion for summary judgment. Indeed, even as of today, Liberty Restoration still has not submitted a proposed opposition memorandum.

Given these circumstances, the Court does not find it appropriate to continue the October 10, 2007 hearing date or extend the October 2, 2007 opposition deadline. Accordingly, considering that Plaintiff's motion for summary judgment has not been opposed, and that it appears to have merit, **IT IS ORDERED** that Plaintiff Lambeth House, Inc.'s Motion for Summary Judgment on Counterclaim (Rec. Doc. No. 40) is **GRANTED** and Liberty Restoration's counterclaim is **DISMISSED WITH PREJUDICE**.

To the extent that Liberty Restoration can articulate compelling reasons warranting such relief, any motion for reconsideration of this Order must be filed within ten (10) days of the date this Order is entered by the Clerk of Court. The motion must be accompanied by an opposition memorandum to the original motion. Because a motion for reconsideration would not have been

necessary had a timely opposition memorandum been filed, the costs incurred in connection with the motion, including attorneys' fees, will be assessed against the party moving for reconsideration. *See* FED. R. CIV. P. 16, 83.  A statement of costs conforming to Local Rule 54.3 shall be submitted by all parties desiring to be awarded costs and attorneys' fees no later than eight days prior to the hearing of the motion for reconsideration.

      New Orleans, Louisiana, this __28th__ day of November 2007.

                                                   _____
                                                   KURT D. ENGELHARDT
                                                   UNITED STATES DISTRICT JUDGE